IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| K. DEWAYNE GREEN § | |
| § | |
| vs. § | CIVIL CASE NO. _____ |
| § | JURY TRIAL REQUESTED |
| § | |
| PATTERSON-UTI DRILLING § | |
| COMPANY LLC § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, K. DEWAYNE GREEN, complains of PATTERSON-UTI DRILLING COMPANY LLC, Defendant, and files this Plaintiff's Original Complaint alleging as follows:

**I. Nature of the Case**

1. Plaintiff brings this action against Defendant under § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, *et. seq.*, and the Texas Commission on Human Rights Act, Texas Labor Code §§ 21.001, *et. seq.*, for Defendant's unlawful employment practices and retaliation committed against Plaintiff, including Defendant's discriminatory treatment, hostile work environment, harassment, and/or unlawful retaliation of Plaintiff, because of race, and complaints of, and/or opposition to, racial discrimination.

**II. Parties and Service of Process**

2. Plaintiff is an individual who resides in Texas.

3. Defendant, PATTERSON-UTI DRILLING COMPANY LLC, is a Texas limited liability company, doing business in Texas, including Smith County, Texas, and may be served with citation by serving its registered agent, CT Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

### III. Jurisdiction and Venue

4. This Court has jurisdiction over this suit because Plaintiff's causes of action arise under federal law, as well as supplemental jurisdiction over Plaintiff's state-law claims.

(a) *Title VII, Race Discrimination*, 42 U.S.C. § 2000e-2, *et. seq.* (hereinafter referred to as "Title VII"). At all relevant times, Plaintiff was an employee as defined under Title VII and Defendant was an employer as defined under Title VII. Defendant had the requisite number of employees required by Title VII. Defendant violated Title VII and damaged Plaintiff as described below.

(b) *§ 1981, Race Discrimination*, 42 U.S.C. § 1981 (hereinafter referred to as "Section 1981"). Plaintiff is a black person who belongs to the "African-American" race. He is a citizen of the United States of America and his rights under the law have been violated by Defendant based on his race as described below.

(c) *Texas Commission on Human Rights Act, Texas Labor Code, Race Discrimination*, §§ 21.001, *et. seq.*, (hereinafter referred to "TCHRA"). Plaintiff requests that this Court exercise its supplemental jurisdiction over Plaintiff's TCHRA claim under authority of 28 U.S.C. § 1367. Plaintiff's TCHRA claim depends upon the same facts as Plaintiff's federal claims.

5. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in Tyler, Smith County, Texas. Specifically, Plaintiff was hired by Defendant in the District and began his employment relationship with Defendant in the District; Defendant's representative unlawfully terminated Plaintiff's employment while both the representative and Plaintiff were located in the District; and Defendant's regional headquarters, located in the District, provided supervision over Plaintiff and other employees on Defendant's drilling rig

from the District.

## IV. Factual Background

6.   Plaintiff is a black person who belongs to the African-American race. He commenced his employment with Patterson-UTI Drilling Company LLC (hereinafter "Defendant") in or around early February 2010, as a floorhand on one of Defendant's drilling rigs, i.e., Rig 209. At or near the beginning of his employment, Plaintiff, while in the presence of employees of Defendant, was insulted by the representative of the company for whom Defendant was drilling the well. The representative commented that he didn't like Blacks and asked why Defendant's employees had not "run off" Plaintiff.  Later, the rig manager for Defendant accused Plaintiff of operating the air hoist without permission and reprimanded him with a "write-up." But the rig manager failed to discipline a White employee on Rig 209 for doing the very same thing.

7.   A few days later, crew members on Rig 209 made a derogatory remark to Plaintiff about his skin color, stating that they did not understand why he would stay in the shower as long as he did because he was already so dark that he couldn't tell whether he still had oil or dirt on him when he got out of the shower. The crew members did not make such comments to the White employees on Rig 209. This comment was a racially offensive comment to Plaintiff.  On or about March 19, 2010, Plaintiff reported the discriminatory comments to his supervisor and to Defendant's human resources (HR) department. Plaintiff also requested to move to another drilling rig, but Defendant refused this request.

8.   Thereafter, on another occasion, Plaintiff learned that another rig worker made a derogatory comment about Plaintiff. The White rig worker stated that Plaintiff would walk around with his "hand up his ass, like *his kind*." When the rig worker was asked what he meant by "his kind," the worker stated: "you know how *his kind* is," in an obvious reference to

Plaintiff's race. The only difference between Plaintiff and the other rig workers is that Plaintiff is black. Plaintiff also reported and complained about this comment to Defendant.

9. On or about April 1, 2010, a representative from Defendant's HR department informed Plaintiff that Plaintiff was being investigated. Defendant then escorted Plaintiff off Rig 209. Defendant did not, however, suspend or escort the White workers off Rig 209 who had made the racist comments about, and to, Plaintiff.

10. On or about April 5, 2010, the same representative from Defendant's HR department contacted Plaintiff from the office in Tyler, Texas, and informed him his employment had been terminated. Defendant did not, however, terminate any of the White rig workers who had made racist comments about, and to, Plaintiff. Following his termination, Plaintiff filed another timely complaint with the Texas Workforce Commission, Civil Rights Division/EEOC, alleging race discrimination and retaliation. Both agencies then issued Plaintiff a right to sue and this suit was filed.

### V. Causes of Action

*Race Discrimination/Retaliation Under Title VII (42 U.S.C. § 2000e-2, et. seq.)*

11. Title VII makes it an unlawful employment practice to discriminate against an individual because of race. Plaintiff is a black person who belongs to the identifiable group of United States citizens known as the African-American race. Defendant intentionally discriminated against Plaintiff because of race in violation of Title VII, as described above. Defendant created and/or allowed a racially hostile work environment to exist and also treated Plaintiff differently than his White co-workers.

12. Plaintiff further alleges that, as a result of his complaints to Defendant and/or the EEOC, Defendant retaliated against Plaintiff by discriminatory treatment and/or termination of his employment, which violates Title VII.

-5-

*Race Discrimination/Retaliation Under Section 1981 (42 U.S.C. § 1981)*

13. Section 1981 prohibits race discrimination and retaliation in the making and enforcing of contracts. Plaintiff is a black person who belongs to the identifiable group of United States citizens known as the African-American race. Defendant intentionally discriminated against Plaintiff because of race in violation of Section 1981, as described above.

14. Plaintiff further alleges that, as a result of his complaints to Defendant and/or the EEOC, Defendant retaliated against Plaintiff by discriminatory treatment and/or termination of his employment, which violates Section 1981.

*Race Discrimination/Retaliation Under TCHRA (Tex. Labor Code, §§ 21.001, et. seq.)*

15. TCHRA makes it an unlawful employment practice to discriminate against an individual because of race. Plaintiff is a black person who belongs to the identifiable group of United States citizens known as the African-American race. Defendant intentionally discriminated against Plaintiff because of race in violation of TCHRA, as described above. Defendant created and/or allowed a racially hostile work environment to exist and also treated Plaintiff differently than his White co-workers.

16. Plaintiff further alleges that, as a result of his complaints to Defendant and/or the TWCCRD/EEOC, Defendant retaliated against Plaintiff by discriminatory treatment and/or termination of his employment, which violates TCHRA.

**VI.  Damages**

17. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained a loss of past and future wages and benefits of employment.

18. Further, Plaintiff has suffered past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

19. Plaintiff hereby sues for recovery of these damages to the full extent allowed by the above-recited statutes.

## VII. Punitive Damages

20. Defendant's wrongful conduct, as described above, was done knowingly, intentionally, with malice and/or recklessly in violation of Plaintiff's federally protected rights; therefore, Plaintiff is entitled to recover punitive damages from Defendant under Title VII and/or Section 1981.

## VIII. Attorneys' Fees

21. Plaintiff has also had to employ attorneys to vindicate his rights under the law, and seeks reasonable and necessary attorneys' fees and costs under Title VII and/or Section 1981, and any other applicable statute.

## IX. Administrative Prerequisites

22. All conditions precedent to this suit have been performed or have occurred, including exhausting all required administrative remedies. Plaintiff timely filed a complaint against Defendant with the Texas Workforce Commission, Civil Rights Division/Equal Employment Opportunity Commission, as required by TCHRA/Title VII, and received his Notice of Right to File a Civil Action from both agencies.

## X. Demand for Jury Trial

23. Plaintiff hereby respectfully demands a trial by jury of all claims and issues in this cause.

WHEREFORE, Plaintiff, K. DEWAYNE GREEN, respectfully requests that the Court issue citation for Defendant, PATTERSON-UTI DRILLING COMPANY LLC, to appear and answer, and that upon final trial, Plaintiff have and recover a judgment against Defendant, for all actual damages suffered and/or incurred by Plaintiff, for all equitable relief allowed by law, for

exemplary damages in the amount determined by the jury, for pre-judgment and post-judgment interest at the highest rates allowed by law, for court costs, attorneys' fees, and for all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Michael L. Scanes*

Michael L. Scanes
State Bar No. 17701000
Joel Shields
State Bar No. 24041907
SCANES, ROUTH, & JAMES, LLP
7901 Fish Pond Road, Suite 200
P. O. Box 20965
Waco, Texas 76702-0965
(254) 399-8788
(254) 399-8780 (FAX)

And

Danny C. Wash
State Bar No. 20896000
WASH & THOMAS
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710
(817) 776-3611
(817) 776-9217 (FAX)

ATTORNEYS FOR PLAINTIFF